IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-297-BO

| | |
|---|---|
| TYRONE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| THOMAS P. DAVIS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the following motions: (1) Defendant's Motion to Compel Plaintiff's Initial Disclosures [DE 24]; (2) Plaintiff's Motion to Compel (First Set of Discovery) [DE 26]; and (3) Plaintiff's Motion to Compel Second Set of Discovery [DE 32]. As set forth below, Defendant's Motion to Compel Plaintiff's Initial Disclosures [DE 24] is GRANTED, Plaintiff's Motion to Compel (First Set of Discovery) [DE 26] is DENIED, and Plaintiff's Motion to Compel Second Set of Discovery [DE 32] is DENIED.

DISCUSSION

1. Considering Defendant's Motion [DE 24], the Court has reviewed the Defendant's Motion, the Plaintiff's response thereto, and those papers submitted in support of the parties' filings. Based upon this review, the Court finds good cause exists to grant the Motion. Initial disclosures, which Defendant requests, must be served, automatically and without opposing counsel's request, within the time prescribed in Federal Rule of Civil Procedure 26.

Plaintiff cryptically alludes in response to Defendant's Motion that he is entitled to a protective order shielding the requested information from disclosure. Plaintiff has failed to

follow the proper procedures for obtaining such an order. *See* Fed. R. Civ. P. 26(c). Moreover, the specific information requested by Defendant in his Motion–a computation of damages–is unlikely to trigger the substantive standard for the issuance of a protective order under Rule 26(c). For a protective order to issue, Plaintiff must, *inter alia*, show that the order is necessary to protect him from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff has not made even the most modest of showings that a protective order is appropriate in this case.

Accordingly, Defendant's motion [DE 24] is GRANTED. Plaintiff is ORDERED to make the initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure, specifically including the computation of damages required by Rule 26(a)(1)(A)(iii), within ten (10) days of the date of this Order.

2. Considering Plaintiff's Motion to Compel (First Set of Discovery) [DE 26], the Court has reviewed the Plaintiff's motion, the Defendant's response thereto, and those papers submitted in support of the parties' filings. Based on this review, the Court finds Defendant has fully responded to Plaintiff's discovery requests with the limited exception of withholding information that is confidential under state and federal law and that is not relevant to the claims and defenses raised in this action.

Moreover, the Court notes that Plaintiff failed to include in his Motion the certification –required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1–that he in good faith conferred or attempted to confer with opposing counsel regarding the issues raised in his Motion to Compel. *See* Fed. R. Civ. P. 37(a)(1) ("[t]he motion [to compel] *must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing

to make disclosure or discovery in an effort to obtain it without court action.")(emphasis added); E.D.N.C. Civ. R. 7.1(c)("[c]ounsel *must* also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.")(emphasis added). This Court, like many others, has limited resources and many demands. The Federal Rules of Civil Procedure attempt, in part, to ensure the most efficient allocation of those resources. Plaintiff's disregard for those rules has, no doubt, unnecessarily diverted this Court's limited resources in ways the Federal Rules of Civil Procedure seek to avoid.

Accordingly, because there is no substantive basis to grant his motion, and because the Plaintiff has failed to follow the proper procedure in filing his Motion, Plaintiff's Motion to Compel (First Set of Discovery) [DE 26] is DENIED.

3. Considering Plaintiff's Motion to Compel Second Set of Discovery [DE 32], the Court has reviewed Plaintiff's motion, the Defendant's response thereto, and those papers submitted in support of the parties' filings. Based on this review, the Court finds Defendant has fully responded to Plaintiff's discovery requests with the limited exception of withholding information that is confidential under state and federal law and that is not relevant to the claims and defenses raised in this action.

Moreover, as with his previously filed Motion to Compel, *supra*, Plaintiff failed in the instant Motion to certify–as required by Federal Rule of Civil Procedure 37(a)(1) and Local Rule 7.1–that he in good faith conferred or attempted to confer with opposing counsel regarding the issues raised in his Motion to Compel. The Court reiterates its strong disapproval of Plaintiff's procedural improprieties.

Accordingly, because there is no substantive basis to grant Plaintiff's motion, and

because Plaintiff has failed to follow the proper procedure in filing his Motion, Plaintiff's Motion to Compel Second Set of Discovery [DE 32] is DENIED.

SO ORDERED.

This __17__ day of January, 2011.

*TERRENCE W. BOYLE* (signature)
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE